## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

---

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1923

AND

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1924

---

(101 So. 725)

No. 24457.

### WAGUESPACK v. FLATEAU.

(April 21, 1924. Rehearing Denied Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. Waters and water courses ⊗═158½(1) — Burden was on plaintiff to show breach of contract to furnish water for irrigation.

In action for breach of contract to furnish water to irrigate rice crop, burden was on plaintiff to establish his demand with reasonable certainty.

2. Appeal and error ⊗═1012(1)—Finding of trial judge accepted, in absence of proof in record warranting different conclusion.

Finding of trial judge on weight of testimony will be accepted by Supreme Court, in absence of proof in record warranting different conclusion.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. John the Baptist; F. A. Middleton, Judge.

Action by Lezin Waguespack against Wilbert A. Flateau. Judgment for defendant, and plaintiff appeals. Affirmed.

W. J. & H. W. Waguespack, of New Orleans, for appellant.

L. Robert Rivarde, of Hahnville, and J. B. Martin, of Donaldsonville, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit for damages, resulting from an alleged breach of contract to furnish sufficient water for irrigating a rice crop. From a judgment dismissing the suit, the plaintiff has appealed.

Only questions of fact are presented for consideration and review.

The plaintiff and defendant were ordinary planting partners. The partnership was formed for the purpose of making a crop of rice during the year 1918.

The partnership entered into an oral con-

tract with the defendant, individually, to furnish sufficient water to make the crop. The oral agreement was reduced to writing, but it contains blank spaces for the names of the contracting parties, and it was not signed by them. It was proven, however, that the writing accurately expressed the agreement, and for that reason it was admitted in evidence.

According to this agreement the partnership was bound and obligated "to build, construct, and maintain in good shape all necessary and reasonable ditches, levees, drains, etc., to hold the water on the areas to be flooded."

The partnership agreement was also made orally, but its terms, as well as the terms of the contract to furnish the water, were fully understood by Mr. Frank Barker, who advanced the partnership the funds and supplies necessary to enable it to plant, cultivate, and harvest the crop.

Under the terms of this contract, the plaintiff was to have the exclusive control and management of the farm and of the farming operations of the partnership, including its obligations to build, construct and maintain in good shape all necessary and reasonable ditches, levees, drains, etc., to hold the water on the areas to be flooded.

In his carefully prepared and well considered reasons for judgment, the trial judge has exhaustively reviewed the testimony. From our reading of the record we find that he has expressed an accurate appreciation of the facts, and his announced conclusions, based thereon, are in accord with our views.

The plaintiff relies upon the testimony of himself, Joseph Brown, his water tender, and Mr. P. F. Treague, a neighbor, engaged in rice planting and drawing water from the syphon, which served water to the land occupied by the plaintiff as the exclusive manager of the planting operations of the partnership.

The defendant relies upon the testimony of F. Hymel, Henry Blenks, Paul Miller, August Gray, J. B. Farchand, Septime Poche, and himself.

The trial judge has quoted from the testimony of these witnesses, touching their knowledge of the supply of water, the condition of the pumps, machinery, and syphon used for that purpose, and the omissions on the part of plaintiff to comply with the obligation resting upon the partnership to make an adequate provision for holding the water on the areas to be flooded, and his conclusions are as follows:

"There were no levees between Waguespack and Roussel's place, and water flowed from Waguespack's over on the Roussel field.

"Plaintiff has not shown that his failure to make a full rice crop was due to deficient machinery furnished by Flateau, as set forth in plaintiff's petition. The preponderance of evidence is that the pump and syphon furnished were in good condition, and that the pump was operated as needed, except on two occasions when it was stopped for not more than four days, owing to an accident to the machinery. All of the circumstances and facts show that plaintiff's contention that sufficient water was not furnished plaintiff is not true.

"The syphon which supplied Waguespack also supplied other persons planting on adjoining properties. The syphon drew the water from the basin on the river side of the levee and threw it into a ditch on the land side of the levee. This ditch carried it directly into the property of plaintiff. At a short distance back this main ditch gave into a cross ditch, which carried the water to the width of plaintiff's property and on to the adjoining properties of Blenks, Parrish, Hymel, Treague, Paul Miller, and Flateau and Miller on one side and the Roussel property on the other. These ditches were operated in conjunction with a system of dams, so arranged that the water, having arisen to a sufficient height to flood the Waguespack property, would then overflow the dam and continue on the next property and there repeat the operation and so on, so that the entire theory of the water distribution contemplated that the Waguespack tract should be first flooded and then the others. Roussel was not to receive water from this particular syphon, so in order to retain the water upon his place it was necessary that Waguespack build

a levee along this line of his property; and this he seems not to have done. Under the contract with Flateau, he contracted to construct and maintain all necessary levees and ditches.

"There being no levee on the property line near Roussel, the water necessary to make a rice crop would not remain upon the Waguespack property. The fact that others who received water after it had been first distributed to Waguespack received enough water to make a crop of rice convinces the court that water was furnished upon the Waguespack property in sufficient quantities, and that, if the crop failed because of lack of water, it was due to Waguespack's failure to hold the water, and not to defendant's failure to supply same."

These conclusions of the trial judge are supported by a preponderance of the evidence.

[1, 2] In suits of this kind, the burden is upon the plaintiff to establish his demand with reasonable certainty. This he has failed to do. Moreover, the trial judge saw and heard the witnesses who testified in the case, and his appreciation of the weight to be given their testimony will be accepted by this court, in the absence of proof or circumstances disclosed by the record which warrant us in reaching a different conclusion.

For these reasons we are of opinion that the judgment is correct, and it is therefore affirmed, at appellant's cost.